(159 App. Div. 476.)

## SCHULTZE v. HUTTLINGER.

(Supreme Court, Appellate Division, First Department.    December 5, 1913.)

1. PARTNERSHIP (§ 296*)—DISSOLUTION—PARTNER'S AGREEMENT TO PAY DEBTS —ACTION.

> The complaint alleged a partnership of defendant and another, the dissolution of the firm by written agreement, by which defendant assumed all the firm debts, a foreign judgment against the firm enforceable against the defendant, who had appeared therein as a representative of the firm, the assignment of the judgment to plaintiff, and the fact that such judgment was res judicata as to the firm debt, and that in order to recover from defendant a suit against him was necessary. *Held*, that it was error to dismiss the complaint on the ground that it was an action on the judgment, since the defendant's liability arose from his agreement to pay the firm debts.

> [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 662, 663, 666–678;  Dec. Dig. § 296.*]

2. PARTNERSHIP (§ 296*)—ACTION ON JUDGMENT—EVIDENCE.

> In an action against defendant upon a claim against a dissolved partnership which he has undertaken to pay, evidenced by a foreign judgment for the amounts of drafts, the claim was merged in the judgment, so that it was unnecessary to put the drafts in evidence.

> [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 662, 663, 666–678;  Dec. Dig. § 296.*]

Appeal from Trial Term, New York County.

Action by Walter Schultze against Otto Huttlinger.  From a judgment dismissing his complaint, plaintiff appeals.  Reversed, and new trial granted.

See, also, 150 App. Div. 489, 135 N. Y. Supp. 70.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Antonio Knauth, of New York City, for appellant.

Paul C. Schnitzler, of New York City, for respondent.

HOTCHKISS, J.   The complaint alleged the copartnership of defendant and one Vivie; the dissolution of the firm by a written agreement by which defendant assumed all the firm assets and agreed to pay its debts, particularly the drafts drawn by the firm on the Hamburger Bank.   A copy of this agreement was attached to and made part of the complaint, and its execution was not denied.   The complaint also alleged that, while the firm was so indebted on such drafts, the bank commenced its action against the firm in the state court at Hamburg, that being a court of general jurisdiction, to recover the amount due on the drafts; that by the German law such action could be brought against the members of the copartnership or against a partner engaged in liquidating the business after dissolution of the firm, and that a judgment rendered in any such action was, by a similar law, enforceable against the defendant appearing in the action as the representative of the firm; that this defendant appeared and defended said action; and that the issues were tried and resulted in a judgment against the firm, which judgment had been assigned to the plaintiff.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

By the judgment roll offered in evidence, it seems that the German action and the judgment therein was against the firm "in liquidation"; the firm having apparently been sued as an entity. By the testimony of an expert witness, plaintiff proved that under the German law the judgment in question was res adjudicata as to the firm debt; that it did not bind the individual partners or their separate property; and that in order to recover the debt from them, or either of them, an action to which those sought to be bound were parties would have to be brought, but that in such action the judgment would be conclusive evidence of the firm debt.

[1] The complaint seems to have been dismissed on the theory that, notwithstanding the defendant appeared and defended the action which resulted in the judgment, his appearance was an impersonal one, as liquidator only; that the judgment was not binding upon him as an individual; and that to enforce his liability, to use the language of the court, "it would be necessary to bring a separate action * * * and obtain a second judgment based upon the judgment against the firm." I think this was error. While the action has been treated as one on the judgment, I regard it differently. The complaint alleged the indebtedness of the firm on the drafts, the dissolution, the defendant's agreement to pay, and the assignment of the debt to plaintiff. From these facts, the defendant's liability arose. The judgment was res adjudicata as to the firm indebtedness, and it was not necessary to resort to it as the basis of defendant's personal liability.

[2] It is true that the drafts were not put in evidence, nor was this necessary, because the debt they evidenced was as to the firm merged in the judgment, and it was this debt, namely, the firm debt, for which the defendant was sued; his obligation to pay resting, not upon the judgment, but upon his agreement.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.